UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.05-420 (EGS) |
| : | |
| v. : | |
| : | |
| BRYANT MCCLAIN, : | |
|     defendant. : | |

GOVERNMENT'S MOTION TO REQUIRE
DEFENDANT TO SUBMIT TO PALM AND JOINT PRINTING

      The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves this Court to order the defendant to submit to palm and joint printing by the Metropolitan Police Department ("MPD"). As grounds for this motion, the government states as follows:

**FACTS:**

      Defendant Bryant McClain has been indicted on the charges of (1) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding one Year in violation of 18 U.S.C. § 922(g); and (2) Simple Possession of a Controlled Substance in violation of 21 U.S.C. § 844(a).

      The charge arises from events which occurred on October 30, 2005 at approximately 2:50 p.m. at 900 Decatur Street, N.W. At that date and time, officers of the Metropolitan Police Department were patrolling the area, which is known for the trafficking of illegal narcotics, when they observed the defendant crouching behind a white pickup truck. The officers then exited their vehicle to investigate why the defendant was hiding behind the truck. When an officer came around the front of the truck he observed the defendant place a black handgun on the street near the truck's passenger side front tire. The officer then yelled "gun" to

alert the other officers. Hearing the yell, the defendant stood up and began running westbound in the 900 block of Decatur Street, N.W. The defendant was then chased on foot by the officers into the 1200 block of Decatur Street, N.W. where he was apprehended. The defendant was instructed by the officers to lay on the ground and put his hands out where the officers could see them. An officer then observed a clear glass bottle containing a liquid in the defendant's right hand. The gun and bottle were recovered. The liquid in the bottle field tested positive for the presence of PCP. The weapon that was recovered was a loaded Taurus 9mm black handgun.

A crime scene officer was called to the scene. The pistol was processed and fingerprinted. Latent prints were recovered from the pistol's magazine and the glass bottle. MPD Fingerprint Analyst analyzing the prints is unable to complete the analysis without the full palm and joint prints of the defendant, however. As part of the booking process, Mr. McClain's fingerprints were taken. As with most cases, the MPD did not take Mr. McClain's "Major Case Prints," that is, his palm and joint prints. Therefore, in order to be able to complete the fingerprint analysis in this case the government needs to obtain the defendant's palm and joint prints.

## ARGUMENT

Generally, displaying physical characteristics does not implicate the Fifth Amendment. See, e.g., United States v. Doionsio, 410 U.S. 1, 4-5 (1973)("It has long been held that the compelled display of identifiable physical characteristics infringes on no interest protected by the privilege against compulsory self-incrimination."). Specifically, the defendant has no Fifth Amendment privilege against providing his palm and joint prints. See, e.g., Schmerber v. California, 384 U.S. 757, 765 (1966) ("federal and state courts have usually held that [the Fifth

Amendment] offers no protection against compulsion to submit to fingerprinting . . . ."); <u>Smith v. United States</u>, 324 F.2d 879, 882 (D.C. Cir. 1963) (holding that fingerprints of a suspect can be taken); <u>see</u> also <u>United States v. Hubbell</u>, 167 F.3d 552, 574 (D.C. Cir. 1999)(the giving of fingerprints merely requires the defendant to make himself available as a source of "real or physical evidence.").

Moreover, the Supreme Court held that compelled submission to fingerprinting does not implicate the Fourth Amendment. The Fourth Amendment provides no protection for what a person knowingly exposes to the public, even in his home or office. <u>Dionisio</u>, 410 U.S. at 14 (citing <u>Katz v. United States</u>, 389 U.S. 347, 351 (1967)). Physical characteristics, such as a person's face, voice, fingerprints or handwriting, are constantly exposed to the public; therefore, no reasonable expectation of privacy applies to these attributes. <u>Id</u>.

WHEREFORE, the government requests that the Court order the defendant to accompany an MPD officer to the Central Cell Block so that his palm and joint prints can be taken.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY


        _____
        G. MICHAEL HARVEY
        ASSISTANT UNITED STATES ATTORNEY
        D.C. Bar No. 447465
        555 4th St., N.W., Room 4243
        Washington, DC 20530
        (202) 305-2195; (202) 514-6010

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, AFPD Tony Axam, this 6th day of January 2006.

                                                        _____
                                                        G. Michael Harvey
                                                        Assistant United States Attorney