IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYANT MCCLAIN )<br>)<br>Defendant. )<br>_____ ) | Case No. 05-420 (EGS) |

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM
THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Crim. P. 7(d), defendant Bryant McClain, through undersigned counsel, respectfully requests that this Court issue an order striking the following language from the body of the indictment: "in Superior Court for the District of Columbia, Case No. F0039-00, and in Prince George's County, Maryland, Criminal Case No. CT91131B." The phrase is unduly prejudicial, is irrelevant to the charge, and is not language required by the statute under which Mr. McClain is charged. The surplusage serves no necessary purpose in this case except to place Mr. McClain's prior criminal his before the jury and thereby deprive him of a fair trial.

**ARGUMENT**

Mr. McClain is charged in Count One of the indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charging language of the indictment includes not only reference to 18 U.S.C. § 922(g)(1) itself, but also the specific jurisdiction, crime and case number of two alleged prior convictions, stating that the prior convictions were, "in Superior Court for the District of Columbia, Case No. F0039-00, and in

Prince George's County, Maryland, Criminal Case No. CT91131B."

Rule 7(d) of the Federal Rules of Criminal Procedure states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment . . . or not essential to the charge . . . or unnecessary . . . or inflammatory." United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted). Material that is surplus should be stricken from an indictment when it is irrelevant and prejudicial. United States v. Clark, 184 F.3d 858, 860 (D.C. Cir. 1999) (citing United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997)). In this case, because the language at issue contains two prior convictions, the jury is left to conclude that Mr. McClain is a recidivist many times over. By including the case numbers and jurisdictions of conviction, the government invites jurors to investigate the type convictions Mr. McClain has sustained, and to further conclude that because the jurisdictional scope of Mr. McClain's prior convictions is broad, he is a dangerous individual who should not be acquitted.

Additionally, there is no legitimate purpose for including the above-quoted language in the indictment. Section 922(g)(1) of Title 18 makes it a federal offense for an individual to possess a firearm if that individual "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." When a person is charged with violating a statute, the only charging language necessary is the alleged violation under the statute. Nowhere in 18 U.S.C. § 922(g)(1) does the statute reference the prior conviction's case number or jurisdiction, or whether the defendant has more than one qualifying conviction as a necessary element of a 922(g)(1) violation. Because the above-quoted language is prejudicial, finds no tether in the

statutory language and serves no legitimate purpose, this Court should strike it from the indictment.

Moreover, Mr. McClain plans to stipulate to the existence of his prior conviction for an offense punishable by imprisonment for a term exceeding one year. Such a stipulation would remove the need for the government to present to the jury evidence of the case number, jurisdiction, or number of Mr. McClain's prior convictions under 18 U.S.C. 922(g)(1). See Old Chief v. United States, 519 U.S. 172 (1997) (allowing a defendant to stipulate to a prior conviction so that he is not prejudiced by its introduction by the government).

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant Bryant McClain requests this Court to strike the above-quoted surplusage from the indictment.

                          Respectfully submitted,

                          A.J. KRAMER
                          FEDERAL PUBLIC DEFENDER


                          _____/S/_____
                          Tony Axam, Jr.
                          Assistant Federal Public Defender
                          625 Indiana Avenue, N.W.
                          Suite 550
                          Washington, D.C. 20004
                          (202) 208-7500

**CERTIFICATE OF SERVICE**

     I, Tony Axam, Jr., Assistant Federal Public Defender, hereby certify that a copy of the attached Motion to Strike Surplusage has been served upon Michael Harvey, Assistant United States Attorney, by electronic means this 1st day of March, 2006.

                                            /S/
                                   TONY AXAM, JR.
                                 Assistant Federal Public Defender