IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-420 (EGS) |
| ) | |
| BRYANT MCCLAIN ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Defendant, Bryant McClain, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence allegedly seized from him and all statements allegedly made by him because this evidence was obtained in violation of the Fourth Amendment, and because the statements were made in violation of the Fifth and Sixth Amendments, involuntarily, without Mr. McClain being properly advised of, or validly waiving his Miranda rights. The motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Mr. McClain is charged by indictment with possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year and simple possession of a controlled substance.

The alleged facts are as follows: On October 30, 2005 at approximately 5:50 p.m., D.C.

---

[1]This statement of facts is a summary based on pretrial discovery received from the government. By including in this motion the facts as alleged by government witnesses, Mr. McClain does not in any way concede that these facts are accurate or true.

Metropolitan police officers were on patrol in the 900 block of Decatur Street, NW.  Officers allegedly noticed Mr. McClain duck near a white truck.  Officers stopped exited their vehicle and chased Mr. McClain, ultimately stopping him a block away.  As officers attempted to apprehend Mr. McClain, he allegedly dropped a small vial of alleged PCP to the ground.  Officers subsequently recovered the firearm with which Mr. McClain is charged.  At some point, Mr. McClain was interrogated he allegedly stated that he was "dippers" and that the "juice" was his.

In this motion, Mr. McClain seeks suppression of all evidence seized in violation of the Fourth Amendment and suppression of any statements he made in violation of the Fifth Amendment, the Sixth Amendment, and Miranda.

## DISCUSSION

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable."  See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995).  In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause.  See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985).

In the instant case, the stop and seizure of Mr. McClain were conducted without a warrant, and stop and seizure by law enforcement officers were unreasonable considering that he was stopped and seized without any probable cause or based on any other legitimate exception to the warrant requirement.  Therefore, Mr. McClain's stop and seizure violated the Fourth Amendment of the United States Constitution, and exclusion of any evidence recovered from him after his seizure must be suppressed as tainted fruit of the illegal seizure.  Taylor v. Alabama, 457 U.S. 687 (1982).

Additionally, before introducing any statement Mr. McClain made at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statement was voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  See, e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation."  See Mincey v. Arizona, 437 U.S. 385, 402 (1978).  The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily.  Fikes v. Alabama, 352 U.S. 191 (1957).  See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case).

Lastly, Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation.  See, e.g., Pennsylvania v. Muniz, 110 S. Ct. 2638, 2643-44 (1990).

A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444.  Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984).  "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis,

446 U.S. 291, 301 (1980) (footnotes omitted).

In this case, Mr. McClain was clearly in custody for <u>Miranda</u> purposes at the time he made the statements. He had been chased by police officers, was immediately seized by them, and was not free to leave. The evidence at the hearing will establish that any alleged statement was made before Mr. McClain was properly advised of his <u>Miranda</u> rights. Accordingly, any alleged statements must be suppressed, and any evidence obtained as a result of statements should be suppressed. <u>See</u> <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-88 (1963).

## CONCLUSION

For the foregoing reasons, Mr. McClain asserts that his stop and seizure were unlawful. If the government disagrees, it should be required to justify the stop, search and arrest of Mr. McClain at a hearing. If it cannot do so, Mr. McClain respectfully requests that this Court suppress any evidence seized and any statement made as a result of the government's failure to abide by the mandates of the Fourth, Fifth, and Sixth Amendments and <u>Miranda</u>. Mr. McClain respectfully requests an evidentiary hearing on this motion.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER


        _____/S/_____
        Tony Axam, Jr.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C. 20004
        (202) 208-7500

## CERTIFICATE OF SERVICE

I, Tony Axam, Jr., Assistant Federal Public Defender, hereby certify that a copy of the attached Motion to Suppress has been served upon Michael Harvey, Assistant United States Attorney, by electronic means this 1st day of March, 2006.

/S/
TONY AXAM, JR.
Assistant Federal Public Defender