IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-420 (EGS) |
| ) | |
| BRYANT MCCLAIN ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION TO IMPEACH DEFENDANT UNDER RULE 609**

Defendant Bryant McClain, through counsel, respectfully submits this opposition to the government's motion regarding Rule 609 admissibility and requests that the Court prohibit the government from using Mr. McClain's alleged prior convictions for impeachment purposes should Mr. McClain testify in his trial.

Rule 609(a) allows the admission of prior convictions "punishable by death or imprisonment in excess of one year" for impeachment purposes only if the government can show that "the probative value of admitting this evidence outweighs its prejudicial effect to the accused." See United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983). In deciding whether the probative value outweighs the prejudicial impact, the Court must "carefully and thoughtfully consider the information before it" and make sure that the balancing does "not become a ritual leading inexorably to admitting the prior conviction into evidence." Id. at 1063. As a result, the Court should look at the underlying facts of the prior conviction to determine (1) the degree to which the prior conviction is probative of truthfulness, and (2) whether the prejudicial impact of that conviction outweighs its probative value. Id. at 1068.

In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of Mr. McClain's prior offenses outweigh their inevitable prejudicial impact. Id. at 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much."). The inevitable prejudicial impact of introducing Mr. McClain's prior convictions clearly outweighs the probative value of those convictions on the question of Mr. McClain's truthfulness. The government does not present any specific facts or reasons to suggest that Mr. McClain's prior convictions are particularly probative of truthfulness in this case.

Moreover, Mr. McClain's convictions for Escape and Assault with a Dangerous Weapon do not involve crimen falsi and do not, by their nature, bear on credibility. The government has simply failed to present any argument specific to the facts and background of the defendant as to why the prejudice stemming from admission of any of his prior convictions would be outweighed by their probative value.

The weak probative value of the prior convictions stands in stark contrast to their likely prejudicial impact. Even with a limiting instruction, there exists a grave danger that jurors in Mr. McClain's case will lower the bar for conviction or scrutinize the facts less searchingly because they do not fear convicting an "innocent" man. Even worse, jurors may use this case as a pretext to punish Mr. McClain for his previous behavior or to ensure that a perceived recidivist is not released into the community. The danger of prejudice is particularly grave with respect to the Assault with a Dangerous Weapon conviction, from which the jury will be left to speculate that the weapon used in that prior crime was a firearm and to assume that Mr. McClain must have possessed the firearm in this case.

Even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed crimes is more likely to commit other crimes in the future. Indeed, the assumption that a limiting instruction can overcome the prejudicial effects of such evidence is "'unmitigated fiction,'" which "require[s] the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'" <u>Lipscomb</u>, 702 F.2d at 1062 (quoting <u>Krulewitch v. United States</u>, 336 U.S. 440, 453 (1949). Given the nature of Mr. McClain's prior offenses and the government's complete failure to articulate how the circumstances underlying the offense bear on credibility, the inevitable prejudicial impact clearly outweighs any probative value the convictions might have.

## CONCLUSION

Admission of evidence of Mr. McClain's alleged prior convictions will be of very limited probative value and will be severely prejudicial to Mr. McClain. For this reason, pursuant to Rule 609, Rule 403 and the relevant case law, this Court should bar admission at trial of such evidence for impeachment.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500