UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.05-420 (EGS) |
| | : | |
| v. | : | |
| | : | |
| **BRYANT MCCLAIN,** | : | |
| defendant. | : | |

### GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE INTRINSIC TO THE CRIME FOR WHICH THE DEFENDANT IS BEING TRIED

The United States, by and through its attorney, the United States Attorney for the District of Columbia, formally places the defense on notice[1] of its intent to introduce at trial in this matter evidence intrinsic to the crime for which the defendant is being tried, namely, the recovery of a

---

[1] The Government has previously provided notice to counsel for the defense of its intent to use this evidence at trial. Specifically, on March 23, 2006, the Government provided written notice to counsel for the defense of its intent to use evidence concerning the recovery of a bag of marijuana next to the gun at issue in this case. In its discovery letter, the Government stated in pertinent part:

> The government also anticipants eliciting at trial the fact that a bag of marijuana was recovered next to the gun your client was seen placing on the ground – a fact which was revealed in the police paperwork disclosed to you at the arraignment. We would not introduce the marijuana as evidence of uncharged bad acts by your client, and for that reason we are not filing a Rule 404(b) motion. Indeed, your client does not stand charged with possession of the marijuana because it was never observed in his possession. The fact of its recovery, however, is inextricably intertwined from the recovery of the gun in this matter. Further, the fact that no officer has claimed that the defendant was seen in possession of the marijuana is evidence of the officers' fair play in this matter and is responsive to the anticipated defense (given the fingerprint evidence) challenging the credibility of Officer Hoetzel's observation of your client placing the gun on the ground. We would, of course, not object to a limiting instruction with regard to the marijuana.

Following discovery that the Drug Enforcement Administration had detected only a residual amount of PCP in the glass vial recovered from the defendant, undersigned counsel provided notice on May 16, 2006, to counsel for the defense of its intent to both dismiss Count II of the Indictment and to introduce evidence at trial regarding the recovery of the bottle in question.

bag of marijuana next to the gun that the defendant was seen placing on the ground, as well as the recovery of a bottle believed to have contained PCP that the defendant was seen releasing from his hand just prior to his arrest. As explained further below, the Government believes that this evidence is inextricably intertwined with the recovery of the gun in this matter and is not properly characterized as "other crimes evidence" falling within the strictures of Federal Rule of Evidence 404(b). In an abundance of caution, however, the Government provides this notice to the defense of its intent to use this evidence at trial so that any issues regarding its admissibility can be resolved prior to trial at the motion's hearing on May 23, 2006.

**I.    BACKGROUND**

At a hearing or trial in this matter, the Government expects the evidence to demonstrate substantially as follows: on October 30, 2005 at approximately 5:50 p.m. officers of the Metropolitan Police Department were patrolling the 900 block of Decatur Street, N.W., which is an area known for the trafficking of illegal narcotics, when they observed the defendant crouching behind a white pickup truck. As the police vehicle came up along side of the white truck, the officers observed the defendant "peek" over the side of the truck, look at the officers, and then duck back down behind the truck. The officers then exited their vehicle to investigate why the defendant was hiding behind the truck. As an officer approached Mr. McClain from behind he observed the defendant crouching down and placing a black handgun on the street in plain view near the truck's passenger-side front tire. The officer yelled "gun" to alert the other officers of the presence of the weapon. Hearing the warning, the defendant stood up and began running westbound in the 900 block of Decatur Street, N.W. MPD officers chased the defendant on foot into the 1200 block of Decatur Street, N.W. where he was apprehended. As the

defendant went to the ground, the officers observed a clear glass bottle containing a liquid come out of the defendant's right hand.

The gun was then recovered by a Crime Scene officer. It was an operable, loaded Taurus 9mm. Fingerprints were recovered on the magazine of the gun. The fingerprints from the magazine were analyzed by the MPD's Latent Fingerprint Section and were determined <u>not</u> to be the defendant's.

Found lying on the street within a foot of the handgun was a plastic bag of green weed-like substance. That substance field-tested positive for marijuana. A drug analysis performed by the Drug Enforcement Administration (DEA) confirmed that the substance was, in fact, marijuana. No officer ever saw the defendant in actual possession of the bag of marijuana, and no fingerprints were recovered on it. Accordingly, the U.S. Attorney's Office did not charge the defendant with possession of the marijuana.

Officers also recovered the bottle that the defendant was seen releasing from his hand as he was being arrested. The liquid in the bottle field-tested positive for the presence of PCP. Further, as the officers were placing the defendant under arrest he stated spontaneously that the "juice" – a slang term for PCP – was his. A Crime Scene Officer recovered a latent print from the bottle. Like the print on the handgun, however, the print did <u>not</u> match the defendant's prints.

Based on the above facts, the defendant is presently charged in a two count indictment with the Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a),

for the defendant's possession of the bottle of PCP.  The defendant was not indicted for possession of the marijuana found in the plastic bag next to the handgun.

In preparing for trial next week, undersigned counsel reviewed the DEA analysis in this case and discovered for the first time[2] that while the DEA detected the presence of PCP in the bottle, the amount of PCP was not quantifiable, that is, the DEA detected only a "residue" amount of PCP in the bottle.  As the amount of PCP could not be measured, the Government immediately notified the defense of its intention to dismiss Count II of the Indictment for Simple Possession of a Controlled Substance.  See Jury Instruction 4.28, Possession of a Controlled Substance (the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance).  Herewith this filing, the Government files today its motion to dismiss Count II of the Indictment.

## II.     THE EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE IS DIRECT EVIDENCE OF MATERIAL FACTS IN ISSUE

Nevertheless, the Government will seek to introduce at trial evidence of the recovery of the PCP bottle that the defendant was seen releasing from his hand just prior to his arrest, defendant's statement with regard to the PCP, as well as the recovery of the bag of marijuana next to the handgun the defendant was seen placing on the ground.  The Government will do so because the evidence is directly relevant to its case-in-chief.  The absence of the defendant's fingerprints on the PCP bottle that the police saw the defendant possessing moments after he placed the gun on the ground, and which the defendant himself admitted was his, provides powerful evidence that the absence of the defendant's fingerprints on the gun is of no moment.

---

[2/] When the defendant was indicted on Count II, the Government had not received the DEA analysis of the bottle of PCP.

As will be explained by the Government's fingerprint expert at trial, some surfaces do not readily take, and some individuals do not readily leave, fingerprints. The fact that the defendant did not leave fingerprints on two surfaces that other evidence will show he touched will support that testimony.

Similarly, the admission of the bag of marijuana is also relevant because it undergirds the credibility of the government's key witness – the only officer who will testify that he saw the defendant put the gun on the ground. That officer will also testify that he did not see the defendant in physical possession of the bag of marijuana. That fact will provide strong evidence that the Government's key witness is not prevaricating or overstating the evidence in this case. Rather, he has only testified to what he saw and nothing more.

### III.    THE EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE IS NOT 404(b) EVIDENCE

Federal Rule of Evidence 404(b) applies only to evidence of a defendant's "other crimes, wrongs, or acts." F. R.E. 404(b). The evidence regarding the bag of marijuana does not fall within Rule 404(b) because it is not evidence of uncharged bad act of the defendant. Indeed, the defendant was not charge with possession of the bad of marijuana precisely because it was never observed in his possession. The fact of its recovery, however, is inextricably intertwined with the recovery of the gun in this matter. Rule 404(b) does not apply to evidence that is intrinsic to the crime for which the defendant is being tried,. See United States v. Bowie, 232 F.3d 923, 927-29 (D.C. Cir. 2000); United States v. Alexander, 331 F.3d 116, 126 (D.C. Cir. 2003). Evidence is "intrinsic to" the crime charged when, for example, it "is offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the

accused." Alexander, 331 F.3d at 126. As was just demonstrated in section II above, that is precisely the case here both with regard to the PCP bottle, the defendant's statement claiming ownership of the PCP, and the bag of marijuana. Accordingly, Rule 404(b) has no application to the evidence the Government will seek to introduce.

### IV.  THE EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE IS ADMISSIBLE UNDER RULE 404(b)

Even assuming that Rule 404(b) has application to the aforementioned evidence, admission of that evidence at trial would not run afoul of the rule. Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake, or, as the D.C. Circuit directed in Bowie, "to corroborate evidence that itself has a legitimate non-propensity purpose." See United States v. Bowie, 232 F.3d 923, 926, 933 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule

404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. As its language reflects, however, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[3]

Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

In the instant case, as the Government demonstrated in Section II above, the evidence it seeks to introduce at trial is directly relevant to its case-in-chief in that it corroborates the government's evidence demonstrating the defendant possessed the gun at issue. In no way, is

---

[3/] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

the evidence being admitted to demonstrate the defendant's propensity to possess guns. Indeed, given that none of the evidence the Government seeks to admit involves the possess of guns by the defendant, its prejudicial impact is limited. Certainly, its significant probative value is <u>not</u> outweighed by the danger of unfair prejudice in this case. Rather, as the D.C. Circuit directed in <u>Bowie</u>, such evidence, serving as it does "to corroborate evidence that itself has a legitimate non-propensity purpose," is properly admitted under Rule 404(b). <u>See</u> <u>Bowie</u>, 232 F.3d at 926.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

_____
G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 447465
555 4th St., N.W., Room 4243
Washington, DC 20530
(202) 305-2195; (202) 514-6010

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, AFPD Tony Axam, this 17th day of May 2006.

_____
G. Michael Harvey
Assistant United States Attorney