## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.05-420 (EGS)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRYANT MCCLAIN,** | : | |
| **defendant.** | : | |

## JOINTLY PROPOSED VOIR DIRE, STATEMENT OF THE CASE, AND JURY INSTRUCTIONS

As ordered by the Court on February 16, 2006, the parties in the above-captioned matter hereby jointly submit the following proposed voir dire, statement of the case, and jury instructions.

## PROPOSED ADDITIONAL VOIR DIRE QUESTIONS

1.      Do you, because of the reported crime situation in D.C. or because of the reported incarceration rate in D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

2.      The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

3.      Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language? Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

4.      This case involves an individual who has been previously convicted of a crime which carries a potential term of imprisonment of greater than one year.  Do any of you feel that, because of Mr. McClain's prior conviction, he is more likely than any other person to have possessed a gun?

5.      Do any of you believe that if the police arrest someone, that person must have done something wrong?

## PROPOSED STATEMENT OF THE CASE

This is a criminal case.   Defendant Bryant McClain is charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.  The government alleges that this offense occurred on or about October 30, 2005, at approximately 5:37 p.m., when members of the Metropolitan Police Department encountered the defendant in the 900 block of Decatur Street, Northwest, Washington, D.C.

## PROPOSED JURY INSTRUCTIONS

All citations are to the Red Book Criminal Jury Instructions unless otherwise noted.

| | |
|---|---|
| **1.02** | **Note Taking by Jurors (if applicable)** |
| **1.03** | **Preliminary Instruction Before the Jury** |
| **1.04** | **Stipulation of Fact/Testimony** |
| **1.05** | **Cautionary Instruction Prior to First Recess** |
| **1.07** | **Questions Not Evidence** |
| **1.08** | **Expert Testimony (if applicable)** |

**1.10**          **Evaluation of Prior Inconsistent Statement of a Witness (if applicable)**

**1.11**          **Evaluation of Prior Consistent Statement of a Witness (if applicable)**

**1.12**          **Impeachment By Proof of Conviction of a Crime - Witness (if applicable)**

**1.13**          **Impeachment By Proof of Conviction of a Crime - Defendant (if applicable)**

**1.14**          **Impeachment of Defendant -Statements (if applicable)**

**1.21**          **Preliminary Instruction to Jury Where Identity Of Alternates Is Not Disclosed**

**1.22**          **A Juror's Recognition of a Witness or Other Party Connected to The Case**

**2.01**          **Function of the Court**

**2.02**          **Function of the Jury**

**2.03**          **Jury's Recollection Controls**

**2.04**          **Evidence in Case - Stipulations**

**2.05**          **Statements of Counsel**

**2.06**          **Indictment Not Evidence**

**2.07**          **Inadmissible and Stricken Evidence**

**2.08**          **Burden of Proof- Presumption of Innocence**

**2.09**          **Reasonable Doubt**

**2.10**          **Direct and Circumstantial Evidence**

**2.11**          **Credibility of Witnesses**

**2.13**          **Number of Witnesses**

**2.14**          **Nature of Charges Not to be Considered**

**2.26**          **Police Officer's Testimony**

**2.27**          **Right of Defendant Not to Testify (if applicable)**

**2.28**          **Defendant as Witness (if applicable)**

**2.29**          **False or Inconsistent Statement by Defendant (if applicable)**

**2.44**          **Flight or Concealment by Defendant**

**2.71**          **Election of Foreperson**

**2.72**          **Unanimity of Verdict**

**2.73**          **Exhibits During Deliberations**

**2.74**          **Possible Punishment Not Relevant**

**2.75**          **Communications between Court and Jury During Deliberations**

**2.76**          **Furnishing the Jury with a Copy of the Instructions**

**3.02**          **Proof of State of Mind**

**3.07**          **"On or About" - Proof Of**

**3.08**          **Possession defined**

**4.79**          **Gun Control Act-Possession of Firearm After Conviction of A Crime
                   Punishable By a Term of Imprisonment Exceeding One Year**

**Form Instruction 1.02**

**NOTETAKING BY JURORS**

[Instruction 1.015 in 1978 Edition]

<u>FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED</u>

During the trial, I have permitted those jurors who wanted to do so to take notes. You

may take your notes with you to the jury room and use them during your deliberations if you

wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory.

They are not evidence in the case, and they should not replace your own memory of the evidence.

Those jurors who have not taken notes should rely on their own memory of the evidence. The

notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have

made and give them to your foreperson. The clerk will collect your notebooks and pencils when

you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your

verdict is announced. The clerk will give the notes to me and I will destroy your notes

immediately after the trial. No one, including myself, will look at them.

# Form Instruction 1.03

## PRELIMINARY INSTRUCTION BEFORE TRIAL

[Instruction 1.02 in 1978 Edition]

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

[Insert at this point relevant instructions concerning:

1. Notetaking by Jurors (*See* Instruction 1.02);

2. Questions by Jurors (*See* Instruction 1.20); and

3. Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed (*See* Instruction 1.21).]

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at

the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

[READ OR SUMMARIZE THE INDICTMENT OR INFORMATION]

You should understand clearly that the indictment that I just read [or summarized] is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. The defendant has been charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable By Imprisonment for a Term Exceeding One Year.  To prove [ ^ ] , the government must prove beyond a reasonable doubt each of the elements of these offenses. The elements of [ ^ ] are:

[READ ELEMENTS OF THE OFFENSES AND ANY OTHER

REQUIRED INSTRUCTION RELATING TO

THE SUBSTANTIVE OFFENSE]

Page 7 of  56

Every defendant in a criminal case is presumed to be innocent. This presumption of

innocence remains with the defendant throughout the trial unless and until he is proven guilty

beyond a reasonable doubt. The burden is on the government to prove the defendant guilty

beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law

does not require a defendant to prove his/her innocence or to produce any evidence. If you find

that the government has proven beyond a reasonable doubt every element of the offense with

which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you

find that the government has failed to prove any element of the offense beyond a reasonable

doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the

"defendant." When I mention the "government," I am referring to the person who is presenting

the evidence in support of the charges contained in the indictment. In this case, it is the Assistant

United States Attorney, Mr. Michael Harvey. When I mention the defendant, I am referring either

to the defendant, Mr. Bryant McClain, or to his attorney, Mr. Tony Axam.

As the first step in this trial, the government and the defendant will have an opportunity

to make opening statements. If the government makes an opening statement it must do so at the

beginning of its case. The defendant may make an opening statement immediately after the

government's opening statement, or may wait until the beginning of the defendant's case. The

defendant does not have to make any opening statement. The opening statements are only

intended to help you understand the evidence that the lawyers expect will be introduced. The

opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

[Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.]

[At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each party will have a chance to present oral arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each party claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.]

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on

legal questions that come up in the course of the trial, and to instruct you about the law which

applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you --

are the judges of the facts. You alone determine the weight, the effect, and the value of the

evidence, as well as the credibility or believability of the witnesses. You must consider and

weigh the testimony of all witnesses who appear before you. You alone must decide whether to

believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the

witnesses because you will not have any transcripts or summaries of the testimony available to

you during your deliberations. You will have to rely entirely on your memory [and your notes if

you choose to take any].

During this trial, I may rule on motions and objections by the lawyers, make comments to

lawyers, question the witnesses, and instruct you on the law. You should not take any of my

statements or actions as any indication of my opinion about how you should decide the facts. If

you think that somehow I have expressed or even hinted at any opinion as to the facts in this

case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence

includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other

than testimony and exhibits, I will instruct you about these other types of evidence when they are

admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to

evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party s/he represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget that both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with

someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

# Form Instruction 1.04

## DEFINITIONS

[New Instruction in 1993 Edition]

A. <u>STIPULATION OF FACT</u>

The government and the defendant may stipulate -- that is, agree -- to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

B. <u>STIPULATION OF TESTIMONY</u>

The government and the defendant may stipulate -- that is, agree -- to what testimony a particular witness would have given if he or she had testified in this case. You may consider stipulated testimony as exactly what this witness would have said had he or she testified.

# Form Instruction 1.05

## CAUTIONARY INSTRUCTION PRIOR TO FIRST RECESS

[Instruction 1.025 in 1978 Edition]

We are about to take our first break during the trial and it is important that you follow

certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not

discuss it with anyone -- not with the parties, witnesses, attorneys, or anyone else connected with

the case. You must not even discuss it with your fellow jurors, friends or family members. To be

fair to both the government and the defendant, you should keep an open mind throughout the

trial. You should reach your conclusion only during the final deliberations after all the evidence

is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies

to anyone, including members of your family, friends or relatives, courtroom spectators,

witnesses, reporters, and parties to this case. If anyone attempts to discuss the case with you, tell

them not to talk to you. If anyone attempts to discuss the case with you or you overhear any

discussion of the case, you must report that fact to me as soon as you can. However, you should

not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you

or that you overheard a discussion, nor should you discuss with them any other fact that you feel

necessary to bring to the court's attention. If you need to advise me of such matters, please do so

through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may

be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

## Form Instruction 1.07

### QUESTION NOT EVIDENCE

[Instruction 1.04 in 1978 Edition]

Sometimes a lawyer's question suggests that something is a fact. Whether or not

something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's

question is not evidence.

# Form Instruction 1.08

## EXPERT TESTIMONY

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or

conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to

give opinions or conclusions because they have become expert in some art, science, profession or

calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted Detective Anthony O. Washington to testify as an

drug expert concerning nicknames or street terms for PCP, and Gloria Graves as a fingerprint

expert concerning  the taking of fingerprints, how fingerprints are left or not, how fingerprints are

lifted, the factors that affect the lifting of fingerprints, the difficulties in recovering prints from

surfaces such as plastic or guns.  You are not bound by an expert's opinion. If you find that the

opinion is not based on sufficient education or experience, that the reasons supporting the

opinion are not sound, or that the opinion is outweighed by other evidence, you may completely

or partially disregard the opinion. In other words, give the opinion the weight you think it

deserves after you consider it along with all the other evidence.

# Form Instruction 1.10
## EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS

[Instruction 1.06 in 1978 Edition]

ALTERNATIVE A (for use when prior statements not made under oath are introduced):

You have heard evidence that [ ^ ] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the witness' believability here in court. In other words, if on an earlier occasion the witness made a statement that is inconsistent with his/her testimony in court, you may consider the inconsistency in judging the credibility of the witness. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness' testimony here.

ALTERNATIVE B (for use when prior statements made under oath are introduced):

You have [also] heard evidence that [ ^ ] made an earlier statement under oath, subject to the penalty of perjury at a prior [ ^ ] [describe when statement was made to make clear which of the prior inconsistent statements fit within this category] and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is inconsistent with the witness' present testimony in court, you may consider this inconsistency in judging the credibility of the witness. In addition, you may consider this earlier statement as proof that what was said in the earlier

statement was true.

## Form Instruction 1.11

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**

You have heard evidence that [ ^ ] made a statement on an earlier occasion and that this statement may be consistent with his testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness' present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness' in-court testimony here.

## Form Instruction 1.12

### IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -- WITNESS

You have heard evidence that a witness has been convicted of a crime. A witness' prior

criminal conviction is admitted into evidence solely for your consideration in evaluating his/her

credibility as a witness. As a result, you may consider this prior conviction only in evaluating the

credibility of that witness' testimony in this case.

## Form Instruction 1.13

### IMPEACHMENT BY PROOF OF CONVICTION OF CRIME -- DEFENDANT

You have heard evidence that the defendant has previously been convicted of a crime. A

defendant's prior criminal conviction is admitted into evidence [solely] for your consideration in

evaluating the defendant's credibility as a witness. The fact that the defendant was convicted of a

crime in the past is not evidence that the defendant is guilty of the offense with which he is

charged in this case. You must not draw any inference of guilt against the defendant from his

prior conviction. You may [only] consider this prior conviction in evaluating the credibility of his

testimony in this case.

# Form Instruction 1.14

## IMPEACHMENT OF DEFENDANT -- STATEMENTS

[Instruction 1.09 in 1978 Edition]

You have heard evidence that the defendant made a statement on an earlier occasion and that this statement may be inconsistent with his testimony here at trial.  The defendant's alleged statement is admitted into evidence solely for your consideration in evaluating his/her truthfulness as a witness. The testimony of a defendant may be discredited or impeached by showing that s/he has previously made statements which are not consistent with his/her present testimony.  The defendant's prior statement is admitted into evidence solely for you to consider when evaluating the defendant's truthfulness on the witness stand.  You may not consider the alleged statement as establishing the truth of any fact contained in it.  You may consider it only in evaluating the credibility of his/her present testimony.

# Form Instruction 1.21

## PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED

[New Instruction in 1993 Edition]

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

# Form Instruction 1.22

## A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE

[New Instruction in 1993 Edition]

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

## Form Instruction 2.01

### FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on

questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the

instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule

of law.

## Form Instruction 2.02

### FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

## Form Instruction 2.03

### JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own

recollection of the evidence, it is your recollection which should control during your

deliberations.

## Form Instruction 2.04

### EVIDENCE IN THE CASE -- STIPULATIONS

During your deliberations, you may consider only the evidence properly admitted in this

trial. The evidence in this case was the sworn testimony of the witnesses, [the exhibits which

were admitted into evidence], and [the facts and testimony stipulated to by the parties].

[During the trial, you were told that the parties had stipulated -- that is, agreed to --

certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed

evidence.]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- what

testimony a particular witness would have given if she had testified in this case. You may

consider this stipulated testimony as exactly what this witness would have said had she testified.]

When you consider the evidence, you are permitted to draw, from the facts which you

find have been proven, such reasonable inferences as you feel are justified in the light of your

experience.

## Form Instruction 2.05

### STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to

assist you in understanding the evidence.

## Form Instruction 2.06

### INDICTMENT OR INFORMATION NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime to bring him to

trial. You must not consider the indictment as evidence of any kind -- you may not consider it as

any evidence of the defendant's guilt or draw any inference of guilt from it.

## Form Instruction 2.07

### INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made

an argument, or offered evidence which the objecting lawyer believed was not proper. You must

not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to

object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you

should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken,

you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken,

are not evidence and you must not consider them in your deliberations.

## Form Instruction 2.08

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of

innocence remains with the defendant throughout the trial unless and until he is proven guilty

beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable

doubt. This burden of proof never shifts throughout the trial. The law does not require a

defendant to prove his innocence or to produce any evidence. If you find that the government has

proven beyond a reasonable doubt every element of the offense with which the defendant is

charged, it is your duty to find him guilty. On the other hand, if you find the government has

failed to prove any element of the offense beyond a reasonable doubt, you must find the

defendant not guilty.

# Form Instruction 2.09

## REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable

doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in

some cases, that its truth is highly probable. In criminal cases such as this one, the government's

proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt,

as the name implies, is a doubt based on reason -- a doubt for which you have a reason based

upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial

consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's

guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful

and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a

doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a

mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Form Instruction 2.10

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the facts of a case -- direct

evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual

knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and

circumstances indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of

evidence, nor does circumstantial evidence require a greater degree of certainty than direct

evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both

direct and circumstantial.

# Form Instruction 2.11

## CREDIBILITY OF WITNESSES

In determining whether the government has established the charges against the defendant

beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who

have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to

determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter

that may have a bearing on the subject. You may consider the demeanor and the behavior of the

witness on the witness stand; the witness' manner of testifying; whether the witness impresses

you as a truthful person; whether the witness impresses you as having an accurate memory and

recollection; whether the witness has any motive for not telling the truth; whether the witness had

a full opportunity to observe the matters about which he or she has testified; whether the witness

has any interest in the outcome of this case, or friendship or hostility toward other people

concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony

of different witnesses, may or may not cause you to discredit such testimony. Two or more

persons witnessing an incident or transaction may see or hear it differently; an innocent mis-

recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect

of the inconsistency or discrepancy, always consider whether it pertains to a matter of important

or unimportant detail, and whether the inconsistency or discrepancy results from innocent error

or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Form Instruction 2.13

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses

testifying for each side. Rather, you should consider all the facts and circumstances in evidence

to determine which of the witnesses you believe. You may find that the testimony of a smaller

number of witnesses on one side is more believable than the testimony of a greater number of

witnesses on the other side, or you may find to the contrary.

**Form Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the

nature of the charge would affect your ability to render a fair and impartial verdict. There was a

reason for that question. You must not allow the nature of the charge itself to affect your verdict.

You must consider only the evidence that has been presented in this case in rendering a fair and

impartial verdict.

## Form Instruction 2.26

### POLICE OFFICER'S TESTIMONY

[Instruction 2.25 in 1978 Edition]

A police officer's testimony should be evaluated by you just as any other evidence in the

case. In evaluating the officer's credibility you should use the same guidelines that you apply to

the testimony of any witness. In no event should you give either greater or lesser weight to the

testimony of any witness merely because s/he is a police officer.

# Form Instruction 2.27

## RIGHT OF DEFENDANT NOT TO TESTIFY

[Instruction 2.26 in 1978 Edition]

Every defendant in a criminal case has an absolute right not to testify. Shawn Best has

chosen to exercise his/her right to remain silent. You must not hold this decision against him/her,

and it would be improper for you to speculate as to the reason or reasons for his/her decision, and

I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt

from the defendant's decision not to testify.

# Form Instruction 2.28

## DEFENDANT AS WITNESS

[Instruction 2.27 in 1978 Edition]

The defendant has a right to become a witness in his own behalf. His testimony should

not be disbelieved merely because s/he is the defendant. In weighing his testimony, however, you

may consider the fact that the defendant has [a vital] [an] interest in the outcome of this trial. As

with the testimony of any other witness, you should give the defendant's testimony such weight

as in your judgment it is fairly entitled to receive.

**Form Instruction 2.29**
**FALSE OR INCONSISTENT STATEMENT BY DEFENDANT**

[Instruction 2.28 in 1978 Edition]

If you find that the defendant made false or inconsistent statements in explanation of his actions, the following instruction would apply:

False or inconsistent statements that a defendant makes in explanation or defense, after a crime has been committed, do not create a presumption of guilt. You may consider evidence of such false or inconsistent statements, however, as tending to prove the defendant's consciousness of guilt. You are not required to do so. You should consider and weigh evidence of the defendant's false or inconsistent statements with all the other evidence in the case and give it the weight that you believe it is fairly entitled to receive. It is up to you to decide whether the defendant made the statements, and whether they were, in fact, false or inconsistent.

**Instruction 2.44**

**FLIGHT OR CONCEALMENT BY DEFENDANT**

A person who flees or hides after a crime has been committed or after s/he has been accused of a crime may be motivated by a variety of factors which are fully consistent with innocence. Flight or concealment does not create a presumption of guilt, nor does it necessarily reflect that the person has feelings of guilt. In addition, because innocent person sometimes feel guilty, such feelings do no necessarily reflect actual guilt. On the other hand, you may consider flight or concealment as a circumstance tending to show feeling of guilty and you may also consider feelings of guilt as evidence tending to show actual guilt, but you are not required to do so. However, under no circumstances may you presume that a defendant is guilty merely because s/he fled or concealed himself/herself.

If you find evidence of flight or concealment, you should consider and weigh such evidence along with all the other evidence in the case, and give it the weight you think it deserves.

## Form Instruction 2.71
### SELECTION OF FOREPERSON

[Instruction 2.69 in 1978 Edition]

When you return to the jury room, you should select a foreperson to preside over your

deliberations and to be your spokesperson here in court. There are no specific rules regarding

how you should select a foreperson. That is up to you. However, as you go about the task, be

mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider

whether you wish to select a foreperson who will be able to facilitate your discussions, who can

help you organize the evidence, who will encourage civility and mutual respect among all of you,

who will invite each juror to speak up regarding his or her views about the evidence, and who

will promote a full and fair consideration of that evidence.

## Form Instruction 2.72

**UNANIMITY**

The verdicts must represent the considered judgment of each juror. In order to return

verdicts, each juror must agree to the verdicts. Your verdicts must be unanimous.

## Form Instruction 2.73
### EXHIBITS DURING DELIBERATIONS

[Instruction 2.70 in 1978 Edition]
[I am sending into the jury room with you the exhibits that have been received in

evidence [except for the [weapon(s)] [ammunition] [unsealed drugs] [other contraband]]. You

may examine any or all of them as you consider your verdicts.]

[If you wish to examine the [weapon(s)] [ammunition] [unsealed drugs] [other

contraband], the marshal will bring them to you and remain in the room while each of you has

the opportunity to examine this evidence. You should not discuss the evidence or otherwise

deliberate while the marshal is present.]

## Form Instruction 2.74
### POSSIBLE PUNISHMENT NOT RELEVANT

[Instruction 2.71 in 1978 Edition]
The question of possible punishment of the defendant in the event of conviction is no

concern of yours and should not enter into or influence your deliberations in any way. The duty

of imposing sentence in the event of conviction rests exclusively with me. You should weigh the

evidence in the case and determine the guilt or innocence of the defendant solely upon the basis

of such evidence, without any consideration of the matter of punishment.

## Form Instruction 2.75

### COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send

a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.

No member of the jury should try to communicate with me by any means other than a signed note

and I will never communicate with any member of the jury on any matter touching the merits of

this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person --

not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or

innocence until after you have reached a unanimous verdict. This means, for example, that you

never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other

fashion, whether for conviction or acquittal.

## Form Instruction 2.76

### FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

[Instruction 2.73 in 1978 Edition]

I will provide you with a [copy] [tape] of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may [refer] [listen] to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## Form Instruction 3.02

### PROOF OF STATE OF MIND

Someone's intent and/or knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent and/or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent and/or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Form Instruction 3.07**

**"ON OR ABOUT" -- PROOF OF**

[Instruction 3.10 in 1978 Edition]
You will note that the indictment charges that the offenses were committed "on or about"

October 30, 2005. The proof need not establish with certainty the exact date of the alleged

offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the

offenses were committed on a date reasonably near the date alleged.

## Form Instruction 3.08

### POSSESSION -- DEFINED

There are two kinds of possession: actual and constructive. A person has actual

possession of something if he has direct physical control over it.  He has constructive possession

of something when he does not have direct physical control over it, but knowingly has both the

power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show

possession. To prove possession, the government must prove beyond a reasonable doubt that the

defendant had actual or constructive possession of the handgun and narcotics, alone or with

someone else.

**Form Instruction 4.79**

**GUN CONTROL ACT-- POSSESSION OF FIREARM AFTER CONVICTION OF FELONY**

18 U.S.C. Sections 922(g) and 924(a)(2)

[Instruction 4.86 in 1978 Edition]

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.    That the defendant knowingly possessed a ammunition or a firearm, that is, a handgun;

2.    That the ammunition or firearm had been shipped or transported from one state to another; and

3.    That, at the time the defendant possessed the ammunition or firearm, the defendant had been convicted of a felony, that is, a crime punishable by more than one year of imprisonment.

The term handgun means: (A) a firearm which has a short stock and is designed to be held and fired by the use of a single hand; (B) and any combination of parts from which a firearm described in part subparagraph (A) can be assembled.

____The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

The only relevance of Mr. McClain's prior conviction is for purposes of determining whether Mr. McClain falls within the category of individuals who are covered by the statute.

Page 54 of 56

This prior conviction may not in any way be considered by you for any other purpose. It may not be considered by you for purposes of determining whether it is more likely or less likely that Mr. McClain possessed the gun and ammunition charged in the indictment. Rather, you may only consider the prior conviction in determining whether the government has met its burden of establishing this specific element of the offense.

An act is done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have travelled or been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state. The District of Columbia is considered a state for this purpose. The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a the defendant if it is demonstrated that the firearm possessed by the defendant had previously travelled in interstate commerce. It is not necessary that the government prove that the defendant purchased the gun in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who did purchase the gun. It is necessary only that the government prove that the defendant, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm that, at some time, had previously travelled in interstate

commerce.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____

G. MICHAEL HARVEY
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.   Room #4243
Washington, DC 20530
(202) 307-2195; Fax: 514-6010

_____

TONY AXAM
Attorney for defendant Bryant McClain