UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.05-420 (EGS) |
| | : | |
| v. | : | |
| | : | |
| BRYANT McCLAIN, | : | |
| defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to the maximum period of incarceration allowed.

**I.   BACKGROUND**

The defendant, Bryant McClain, pled guilty to Counts 1 and 2 of the Superceding Information, Attempted Carrying a Pistol Without a License Outside Home or Place of Business, in violation of 22 D.C. Code, Section 4504(a) (2001 ed.), and Possession Of Unregistered Firearm, in violation of 7 D.C. Code, Section 2502.01(a) (2001 ed.). The matter is set down for a sentencing hearing on October 31, 2006 at 11:00 a.m.

As part of his plea, the defendant agreed that the following facts would have been established beyond a reasonable doubt had this case gone to trial:  On October 30, 2005 at approximately 2:50 p.m. officers of the Metropolitan Police Department were patrolling the 900 block of Decatur Street, N.W., which is an area known for the trafficking of illegal narcotics, when they observed the defendant crouch down behind a white pickup truck at the police vehicle came into the block. As the police vehicle came up along side of the white truck, the officers

observed the defendant "peek" over the side of the truck, look at the officers, and then duck back down behind the truck. The officers then exited their vehicle to investigate why the defendant was hiding behind the truck. As an officer approached Mr. McClain from behind he observed the defendant with a black handgun in his hand near the truck's passenger-side. The officer yelled "gun" to alert the other officers of the presence of the weapon. Hearing the warning, the defendant stood up and began running westbound in the 900 block of Decatur Street, N.W. The defendant was then chased on foot by the officers into the 1200 block of Decatur Street, N.W. where he was apprehended.

The gun was then recovered by a Crime Scene officer. It was an operable, loaded Taurus 9mm pistol. A records check revealed that the firearm was not register within the District of Columbia as required by law, and the defendant did not have a license to carry the pistol within the District of Columbia.

## II.     SENTENCING CALCULATION

### A     Statutory Maximum

The maximum sentence for Attempted Carrying a Pistol Without a License Outside Home or Place of Business, in violation of 22 D.C. Code, Section 4504(a) (2001 ed.), is 180 days confinement and/or $1000 fine. The maximum sentence for Possession Of Unregistered Firearm, in violation of 7 D.C. Code, Section 2502.01(a) (2001 ed.), is 1 year confinement and/or $1000 fine.

### B.     D.C. Sentencing Guidelines

Because both counts of convictions are misdemeanors, the voluntary D.C. Sentencing Guidelines are no applicable. See PSR at ¶ 4.

### III. SENTENCING RECOMMENDATION

Based on the nature of the offense, the needs of the public, and the history and characteristics of the defendant, Mr. McClain should be sentenced to the maximum period of incarceration, i.e., 180 days on the Attempted Carrying a Pistol Without a License Outside Home or Place of Business charge and 1 year on the Possession Of Unregistered Firearm charge. The defendant's offense of possessing a loaded handgun out on the streets of this City, is very serious and represents a real and present danger to the community. The defendant also has a very long criminal history of drug offenses and assaultive conduct including convictions for Possession of Cocaine, Sale of Cocaine, Threats to Do Bodily Harm, Simple Assault, Robbery, Robbery of a Senior Citizen (with a handgun), Bail Reform Act violation and Escape.

Further, the defendant has already received a very substantial benefit as a result of the plea in this case. Specifically, the defendant avoided prosecution on the original federal charge of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Had the defendant been convicted on that federal charge, he would have faced a Sentencing Guidelines range of 51 to 71 months. PSR at ¶ 71. Accordingly, the defendant has already received all the leniency he should have pursuant to the plea in this matter. Sentencing the defendant to the maximum period of incarceration allowed, would both serve the interests of the community and give both the government and the defendant the benefit of the bargain negotiated.

## V. CONCLUSION

Based on the nature of the offense, the needs of the public, and the history and characteristics of the defendant, Mr. McClain should be sentenced to the maximum period of incarceration allowed, i.e., 180 days on the Attempted Carrying a Pistol Without a License Outside Home or Place of Business charge and 1 year on the Possession Of Unregistered Firearm charge.

Respectfully,
JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____
G. Michael Harvey
Assistant United States Attorney
Narcotics Section, Mass. Bar No. 447465
555 4th Street, N.W. #4243
Washington, DC 20001
Phone: 305-2195; Fax: 616-3782